[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned insurance subrogation action comes before this court on a summary judgment filed by defendants David Hamel and James Pina.
In its complaint, the plaintiff insurance company claims that CT Page 12766 it paid basic reparation benefits to its insured for injuries she suffered as a passenger in a motor vehicle owned by defendant Pina and operated by defendant Hamel. The insurer alleges that it is subrogated to the rights of its insured against the defendants pursuant to § 38a-369 C.G.S. The plaintiff alleges that the collision at issue took place on January 16, 1994, and the defendants assert that no right of subrogation exists because the statute that created a cause of action for subrogation, § 38a-369 C.G.S., was repealed effective January 1, 1994 in P.A. 93-297.
In its brief in opposition to the defendants' motion for summary judgment, the plaintiff insurer asserts that the repeal of subrogation rights by P.A. 93-297 had no effect on rights under insurance contracts in force before January 1, 1994 but applied only to policies renewed after that date. The plaintiff asserts that its insured's renewal date was April 5, 1994. No affidavit and no copy of the insured's policy was initially provided to establish these assertions; however, since the cause of action at issue is alleged to have been created by § 38a-369 C.G.S., not by the provisions of the insurance contract, the contract term is simply not relevant.
The plaintiff takes the alternative position that the repeal of § 38a-369 C.G.S. did not affect its right of equitable subrogation, a right recognized in Westchester Fire Insurance Co.v. Allstate Insurance Co., 236 Conn. 362 (1996).
The insurer's claim of an equitable right of subrogation addresses an issue not raised in the complaint. The plaintiff did not plead that it was pursuing an equitable right of subrogation; rather, the complaint alleges at paragraph 10 (Second Count), only a statutory right: "10. As a result of said payments, the Plaintiff, pursuant to Connecticut General Statute § 38a-369, is subrogated to the rights of its insured against the Defendants."
The plaintiff has not requested leave to amend to assert a further right of equitable; subrogation; and this doctrine is not alleged in the complaint as it now stands. Because the claim stated in the complaint is confined to a claim of a statutory right of subrogation, this court's analysis must be confined to determining whether that statutory cause of action existed at the time the plaintiff brought this action. CT Page 12767
The parties agree, and the court finds pursuant to § 384 P.B. that the material facts are not in dispute and that the issue is solely a legal one: whether the repeal of § 38a-369 C.G.S. on January 1 1994 applied to a claim that arose after that date where the insurer s duty to pay the insured was part of an insurance contract entered into before the repeal. The plaintiff has not contended that the application of the repeal would impair the contract between the insurer and the insured. That issue simply is not involved, since the insurer claims the right to sue only under the statute, not pursuant to the contract with its insured, and the ability of the insurer to recover from a third party does not impair its contract with its insured, since the insured is not the source of authority to sue others.
The repeal of § 38a-369, effective January 1, 1994, did not extinguish a cause of action by the plaintiff against the defendants that was already in existence as of that date. The accident and the duty to pay benefits did not arise until January 16, 1994, when the collision and injuries occurred. The issue is whether a statutory cause of action against a third party existed at that time. It plainly did not, since the statutory cause of action ceased to exist on January 1, 1994. The situation is not, as the plaintiff asserts, comparable to that at issue in PatriotGeneral Insurance Co. v. Normandie, 14 Conn. L. Rptr. 10 (1995), in which the right of action to recover basic reparation benefits had already accrued prior to January 1, 1994 and the issue was whether the repeal of § 38a-369 C.G.S. applied to a right of action under that statute already in existence on the date of the repeal.
In the case before this court, the claimed cause of action came into existence on January 16, 1994, and as of that date, 38a-369 C.G.S. was no longer in effect
Since that statute is the only source of a right to subrogation alleged by the plaintiff, the defendants' motion for summary judgment is granted, as the sole statutory cause of action pleaded by the plaintiff no longer existed on the date the claim arose.
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT CT Page 12768